T. C. HUSTED v. STATE.

No. A-1603. Opinion Filed June 7, 1913.

Appeal from Tulsa County Court;

N. J. Gubser, Judge.

T. C. Husted, was convicted of a violation of the prohibition law, and appeals. Affirmed.

J. R. Clark and Charles L. Fildes, for plaintiff in error.

Chas. West, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Monroe Osborn, for the State.

PER CURIAM. The plaintiff in error was convicted on an indictment which charged that he did sell to one H. C. Vandeewater two bottles of beer, and in accordance with the verdict of the jury he was sentenced to be confined in the county jail for a period of ninety days and to pay a fine of two hundred fifty dollars.

An appeal was perfected. The defendant acted as his own attorney in the trial and filed a plea to the jurisdiction of the county court on the ground that the indictment was not transferred from the district court to the county court as required by law, which plea was overruled. There was no question properly raised by the so-called plea, and the same was properly overruled. It is also claimed that the court erred in admittng in evidence, irrelevant, immaterial and hearsay testimony. The objections are without merit. H. C. Vandeewater testified that the beer in question was bought by him at a place known as Husted's roadhouse, from a negro; that defendant was in possession of said house; that witness had seen him there frequently and had seen him in conversation with the negro who had sold witness the beer; saw the negro working around the place, while the defendant was assuming control of the place. The defendant in his own behalf testified that he rented the house referred to and sold it in a few days and then staid around there for a while trying to get his money for it, and he finally collected it and never returned there again. That he did not sell anything there; that he had sold the property a few days before the date of the alleged sale. The sufficiency of the evidence was a question for the jury. They are the sole judges of the credibility of the witnesses and of the weight to be givn the evidence of each witness who testifies in the case. And where the verdict of the jury has been approved by the trial court, in the absence of prejudicial error, this court will not disturb the judgment where there is evidence to support the verdict, unless it is apparent that injustice has been done.

There being no prejudicial errors in the record, the judgment is affirmed.